UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV. 7042**

PATRICK J. MCGUCKIN and CAROL A. JOHNSON,
                  Plaintiffs,

-against-                          **COMPLAINT**

UNITED STATES OF AMERICA,
                  Defendant.

**JUDGE CONNER**

Plaintiffs, by their attorneys, SCARCELLA LAW OFFICES, as and for their Complaint, respectfully allege, upon information and belief:

## JURISDICTION

1. The plaintiff, PATRICK J. MCGUCKIN, at all times herein mentioned was and still is a resident of the County of Westchester and the State of New York.

2. The plaintiff, CAROL A. JOHNSON, at all times herein mentioned was and still is a resident of the County of Westchester and the State of New York.

3. That on or about September 8, 2005, Fisher Avenue in Tuckahoe, New York was a public highway in the State of New York.

4. Jurisdiction is based on 28 U.S.C. § 1346(a), United States as a defendant.

5. This action is based on the Federal Tort Claims Act, 28 U.S.C. § 1346 (b); the plaintiffs resides within the above judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. That on or about July 10, 2006 defendant received written administrative notice of these claims by first class mail and by certified mail (7003 0500 0000 2831 0526 and 7003 0500 0000 2831 0366 ) including standard forms 95 and a

copy of the police accident report and medical records, reports and authorizations.

7. That prior to the commencement of this action, defendant received written administrative notice of this claim in compliance with federal law.

8. That defendant received written administrative notice of this claim within two (2) years of the date of the within occurrence.

9. That defendant received written administrative notice of this claim within the period of time set by federal law.

10. That since receiving written administrative notice of this claim, defendant has requested and plaintiff has provided additional supporting documentation of the claim.

11. That on August 2, 2007 defendant denied plaintiff's claims in writing by certified mail (7007 0220 0004 2744 2692 and 7007 0220 0004 2744 ).

12. That plaintiff has exhausted administrative remedies and the present claim has not been settled, compromised or otherwise disposed.

13. That this action is brought within two (2) years of the date of the within occurrence.

14. That this action is brought within six (6) months of the date of the administrative denial.

15. That this action is brought within the applicable limitations period set by federal law.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR NEGLIGENCE

16. On or about September 8, 2005, plaintiff PATRICK J. MCGUCKIN owned a certain 2003 Jeep automobile, bearing license plate number CMT8212.

17. On or about September 8, 2005, plaintiff PATRICK J. MCGUCKIN was the operator of a certain automobile, bearing license plate number CMT8212.

18. On or about September 8, 2005, defendant UNITED STATES OF AMERICA owned a certain 1998 Ford automobile, bearing license plate number 2FTDA54U2W.

19. On or about September 8, 2005, defendant UNITED STATES OF AMERICA was the lessee of a certain automobile, bearing license plate number 2FTDA54U2W.

20. On or about September 8, 2005, defendant UNITED STATES OF AMERICA was the lessor of a certain automobile, bearing license plate number 2FTDA54U2W.

21. On or about September 8, 2005, defendant UNITED STATES OF AMERICA maintained a certain automobile, bearing license plate number 2FTDA54U2W.

22. On or about September 8, 2005, defendant UNITED STATES OF AMERICA controlled a certain automobile, bearing license plate number 2FTDA54U2W.

23. On or about September 8, 2005, Derek A. Green was the operator of a certain automobile, bearing license plate number 2FTDA54U2W.

24. On or about September 8, 2005, Derek A. Green was the agent and / or

employee of defendant UNITED STATES OF AMERICA.

25. On or about September 8, 2005, the automobile bearing license plate number 2FTDA54U2W was being operated by Derek A. Green with the express knowledge, consent and/or on the business of defendant UNITED STATES OF AMERICA.

26. On or about September 8, 2005, the vehicle operated by and/or on behalf of the defendant UNITED STATES OF AMERICA came in contact with the vehicle operated by the plaintiff PATRICK J. MCGUCKIN, at or near Fisher Avenue, Tuckahoe, New York.

27. Solely as a result of the defendant's negligence, carelessness and recklessness the plaintiff PATRICK J. MCGUCKIN was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff PATRICK J. MCGUCKIN was subjected to great physical pain and mental anguish.

28. The aforesaid occurrence was caused by the negligence of the defendant, without any culpable conduct on the part of the plaintiff PATRICK J. MCGUCKIN.

29. As a result of the foregoing, the plaintiff PATRICK J. MCGUCKIN sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

30. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules; particularly CPLR § 1602(6).

31. Due to defendants' negligence, plaintiff PATRICK J. MCGUCKIN is entitled to damages in the sum of FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENCE

32. Plaintiff CAROL A. JOHNSON repeats and realleges each and every allegation contained in paragraphs numbered "1" through "31" of the Complaint as if fully set forth at length herein.

33. On or about September 8, 2005, the vehicle operated by and/or on behalf of the defendant UNITED STATES OF AMERICA came in contact with the vehicle in which the plaintiff CAROL A. JOHNSON was a passenger, at or near Fisher Avenue, Tuckahoe, New York.

34. Solely as a result of the defendants' negligence, carelessness and recklessness the plaintiff CAROL A. JOHNSON was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff CAROL A. JOHNSON was subjected to great physical pain and mental anguish.

35. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of the plaintiff CAROL A. JOHNSON.

36. As a result of the foregoing, the plaintiff CAROL A. JOHNSON sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

37. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules; particularly CPLR § 1602(6).

38. Due to defendants' negligence, plaintiff CAROL A. JOHNSON is entitled to damages in in the sum of FIVE MILLION ($5,000,000) DOLLARS.

## DEMAND FOR RELIEF

**WHEREFORE**, the plaintiffs demand:

    a. judgment awarding FIVE MILLION ($5,000,000) DOLLARS damages on the first cause of action;

    b. judgment awarding FIVE MILLION ($5,000,000) DOLLARS damages on the second cause of action;

    c. interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.


Dated:    White Plains, New York
              August 7, 2007

              By: M. SEAN DUFFY (MD7307)
              SCARCELLA LAW OFFICES
              Attorneys for Plaintiffs
              44 Church Street, Suite 150
              White Plains, New York 10601
              (914) 682-1400