MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:  LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York  10007
Tel:  (212) 637-2734
Fax: (212) 637-2686

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

PATRICK J. MCGUCKIN and CAROL A.
  JOHNSON,

        Plaintiffs,

  -v -

UNITED STATES OF AMERICA,

        Defendant.

------------------------------------------------------------------------ x

07 Civ. 7042 (WCC)(MDF)
ECF Case

**ANSWER**

The defendant the United States of America (the "Government"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint in the above-captioned action on information and belief as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

      2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

      3.      Admits the allegations in paragraph 3 of the Complaint.

      4.      Paragraph 4 of the Complaint states conclusions of law regarding jurisdiction, to which no response is required.

5. The first sentence of paragraph 5 of the Complaint consists of plaintiff's characterization of the legal basis for this action, to which no response is required; denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 5.

6. Denies the allegations in paragraph 6 of the Complaint, except admits that an SF-95 form from plaintiffs was received by the United States Postal Service (the "USPS") on or about July 11, 2006.

7. Paragraph 7 of the Complaint states conclusions of law as to which no response is required.

8. Denies the allegations in paragraph 8 of the Complaint, except admits that the USPS received SF-95 form from plaintiffs on or about July 11, 2006.

9. Paragraph 9 of the Complaint states conclusions of law as to which no response is required.

10. Denies the allegations in paragraph 10 of the Complaint, except admits that Admits that plaintiffs submitted documents to the USPS in connection with the July 11, 2006 SF-95 form.

11. Admits paragraph 11 of the Complaint.

12. Admits that the claims asserted in the Complaint have not been settled, compromised or otherwise disposed; the remaining allegations in paragraph 12 of the Complaint constitute conclusions of law as to which no response is required.

13. Admits the allegations in paragraph 13 of the Complaint.

14. Admits the allegations in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states conclusions of law as to which no response is required.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Admits the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Admits the allegations in paragraph 21 of the Complaint.

22. Admits the allegations in paragraph 22 of the Complaint.

23. Admits the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint, except admits that on September 8, 2005, Derek A. Green was a USPS employee.

25. Admits the allegations in paragraph 25 of the Complaint.

26. Admits the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, denies the allegations in paragraph 29.

30. Paragraph 30 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, denies the allegations in paragraph 30.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Defendant repeats and incorporates paragraphs 1 through 31 of its Answer.

33. Admits the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, denies allegations in paragraph 36.

37. Paragraph 37 of the Complaint states conclusions of law as to which no response is required. To the extent that a response is required, denies allegations in paragraph 37.

38. Denies allegations in paragraph 38 of the Complaint.

The unnumbered paragraph beginning with the word "wherefore" and all paragraphs thereafter constitute plaintiffs' demand for relief, to which no responsive pleading is required. To the extent that a response is required, Defendant avers that plaintiffs are not entitled to the relief demanded.

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over any claim in the complaint that has not been presented administratively.

### SECOND DEFENSE

Neither the Defendant nor any of its agencies, employees or agents was negligent, at fault or acted with want of due care in regard to the events alleged in the Complaint.

### THIRD DEFENSE

Any injuries or damages alleged in the Complaint were caused in whole or in part to the negligence or other acts of third parties over whom Defendant exercised no control, and any recovery must be proportionately reduced.

FOURTH DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of any of Defendant's agencies, employees or agents.

FIFTH DEFENSE

In the event Defendant is found to be negligent, which negligence Defendant denies, any recovery must be proportionately reduced on account of the negligence or other culpable conduct of the plaintiffs, including the failure to avail themselves of seatbelts, shoulder harnesses and other safety devices and thereby causing or aggravating the injuries alleged, contributed to plaintiffs' alleged injuries.

SIXTH DEFENSE

Plaintiffs are not entitled to recovery to the extent that any alleged damages or losses were due to plaintiffs' failure to mitigate.

SEVENTH DEFENSE

New York Comprehensive Motor Vehicle Insurance Reparations Act, N.Y. Ins. L. §§ 5101-08, bars recovery for plaintiffs' alleged injuries and damages.  Plaintiffs may not recover for economic loss because they have not sustained such losses greater than "basic economic loss," *see* N.Y. Ins. L. §§ 5102(a), 5104(a); further, plaintiffs may not recover for non-economic loss because they have not sustained serious injuries as defined under N.Y. Ins. L. §§ 5102(a), 5104(a), *see id*.

EIGHTH DEFENSE

Plaintiffs' recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. CPLR § 4545(c).

NINTH DEFENSE

Plaintiffs' recovery, if any, is limited by the joint liability statute, N.Y. CPLR § 1601(1).

## TENTH DEFENSE

Plaintiffs' recovery, if any, is limited to the amount claimed administratively. *See* 28 U.S.C. § 2675.

## ELEVENTH DEFENSE

Plaintiffs' recovery, if any, is limited by provisions of the Federal Tort Claims Act. *See* 28 U.S.C. § 2679.

## TWELFTH DEFENSE

To the extent plaintiffs may seek attorney's fees, the Federal Tort Claims Act bars the award of attorney's fees for claims asserted in the Complaint. *See* 28 U.S.C. § 2412.

WHEREFORE, Defendant demands judgment dismissing the Complaint and granting such further relief as this Court deems proper, including costs and disbursements.

Dated: New York, New York
       November 19, 2007

                                                MICHAEL J. GARCIA
                                              United States Attorney
                                              Attorney for Defendant

                                      By: s/ Li Yu
                                          LI YU
                                          Assistant United States Attorney
                                          Tel.: (212) 637-2734
                                          Fax: (212) 637-2686

TO: Michael Sean Duffy, ESQ.
      The Scarcella Law Offices,
      44 Church Street, Suite 150,
      White Plains, NY 10601
      *Counsel for Plaintiffs*